**In re ELLIOTT.**
**Patent Appeal No. 3298.**

Court of Customs and Patent Appeals.
April 2, 1934.

Fay, Oberlin & Fay, of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office, affirming a decision of the Examiner, rejecting appellant's claim for a design patent, which claim reads as follows:

"The ornamental design for a display case as shown."

The references cited are: Kaufman et al., 928,980, July 27, 1909; page 4, Fig. No. 106, and page 13, Fig. 603, Detroit Show Case Co., "Silent Salesman" Catalog J—1922 (Class 80—11x).

The display case shown by appellant comprises upper and lower parts or sections. The lower part has a base portion and is provided with five panels on the side and a single panel on the end. The upper portion has two panels on the side in staggered relation to the panels below, and a single panel on the end.

The Kaufman reference shows a single section display case with three panels on the side and a single panel on the end. We do not deem it necessary to refer to the other reference.

The Board of Appeals in its decision stated:

"Appellant's design of a show case is not especially distinctive, in our opinion, and in fact looks much like the usual show case found in many clothing stores. Whereas it has a top and bottom section with glass doors at least in the top section, we fail to find anything especially distinctive or attractive in such case."

We agree with the foregoing statement of the Board. We find nothing in appellant's design that indicates originality of conception or anything that is especially distinctive or attractive. We think it is an obvious modification of a conventional display case, such as is shown by Kaufman, and placing one case on top of another adds little, if anything, to the ornamental character of the combined case that is not found in each part separately.

At any rate, we are satisfied that the production of appellant's design did not involve the exercise of the inventive faculty. The Board of Appeals properly rejected the claim upon that ground, and its decision is affirmed.

Affirmed.

HATFIELD, Associate Judge, did not participate.